ORIGINAL

*FILED IN OPEN COURT*
*U.S.D.C. - Atlanta*
*OCT 08 2024*
*KEVIN P. WEIMER, Clerk*
*By: [signature] Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

    *v.*

ALLEN IFECHUKWU ATHAN ONYEMA
AND
EJIROGHENE EGHAGHA

Superseding Indictment

No. 1:19-CR-464

THE GRAND JURY CHARGES THAT:

### Count One
### Conspiracy to Commit Bank Fraud
### 18 U.S.C. § 1349

1. Beginning on a date unknown, but at least as of May 2016 and continuing through at least February 2018, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA, EJIROGHENE EGHAGHA, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to commit bank fraud, an offense against the United States, that is to knowingly devise and execute and attempt to execute a scheme and artifice (i) to defraud financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation, that is, Wells Fargo Bank and JPMorgan Chase Bank NA, and (ii) to obtain and attempt to obtain moneys, funds, and assets owned by and under the custody and control of those financial institutions by

means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts, in violation of Title 18, United States Code, Section 1344.

## Background

2. Defendant ALLEN IFECHUKWU ATHAN ONYEMA, a Nigerian citizen, is the founder and Chairman of several entities in Nigeria, including Foundation for Ethnic Harmony, International Center for Non-Violence and Peace Development, All-Time Peace Media Communications Limited, and Every Child Limited.

3. Foundation for Ethnic Harmony is an organization founded by ONYEMA purportedly to promote harmonious co-existence among diverse ethnic groups in Nigeria through peace rallies, educational programming, and individual reorientation that encourages nonviolence and ethnic tolerance.

4. International Center for Non-Violence and Peace Development is an organization founded by ONYEMA purportedly to empower Nigerian youth through peace-building education and skills acquisition training.

5. All-Time Peace Media Communications Limited is a grass roots communication network founded by ONYEMA purportedly to create enlightenment for Nigerian people of all ages on the universal applicability and advantages of peace.

**ONYEMA transferred funds from his Nigerian bank accounts to his personal bank accounts in the United States**

6. In or around 2010, ONYEMA began frequently travelling to Atlanta, Georgia.  From 2010 and continuing through 2017, ONYEMA traveled back and forth between Nigeria and Atlanta, Georgia to conduct various financial transactions.

7. On or about April 2, 2010, ONYEMA opened a checking account ending in 8086 in the name of Allen I. ONYEMA at a Bank of America branch in Atlanta, Georgia ("BOA 8086"). ONYEMA was the sole authorized signatory on the account. In or around August 2011, ONYEMA added his wife as a joint member to BOA 8086.

8. Between April 2010 and January 2016, ONYEMA transferred millions of dollars into his BOA 8086 account from Nigerian and other foreign bank accounts, including hundreds of thousands of dollars transferred directly from accounts for Foundation for Ethnic Harmony, International Center for Non-Violence and Peace Development, All-Time Peace Media Communications Limited, and Every Child Limited.

9. ONYEMA used the funds in his BOA 8086 account to pay for personal living expenses, among other purchases. For example, ONYEMA purchased an armored Lexus LX570 ($204,000.00), using, in part, funds from BOA 8086.

10. In or about January 2016, Bank of America closed BOA 8086 and issued a cashier's check in the amount of $4,000,396.43 made payable to ONYEMA and his wife.

11. On or about March 1, 2016, ONYEMA opened a checking account ending in 3417 ("WF 3417") and a savings account ending in 8020 ("WF 8020") at a Wells Fargo Bank branch in Atlanta, Georgia.  Both WF 3417 and WF 8020 were opened in the name of Allen I. ONYEMA, and ONYEMA was the sole authorized signatory on both accounts.

12. On or about March 7, 2016, ONYEMA deposited the Bank of America cashier's check into WF 8020.  That same day, ONYEMA added his wife as a Secondary Joint Owner and authorized signatory to WF 8020 and WF 3417.

13. Between on or about March 2, 2016, and May 10, 2016, Wells 8020 received numerous wire transfers totaling hundreds of thousands of dollars from his bank accounts domiciled in Nigeria, including but not limited to the bank account for All-Time Peace Media Communications Limited and Foundation for Ethnic Harmony.

14. From March through May 2016, ONYEMA made numerous cash withdrawals from WF 8020 totaling hundreds of thousands of dollars.  WF 3417 was used to pay for personal expenses, including purchases at Atlanta, Georgia locations of Prada, Neiman Marcus, Macy's, Louis Vuitton, the Apple Store, and various airlines.

15. In March 2016, ONYEMA also used WF 8020 to purchase luxury cars, including a Rolls Royce for $180,000 and a Mercedes for $88,500, among others.

16. On or about November 14, 2017, ONYEMA opened a business checking account ending in 5512 ("JPMC 5512") and business savings account ending in 2151 ("JPMC 2151") at a JP Morgan Chase Bank branch in Atlanta, Georgia. Both JPMC 5512 and JPMC 2151 were opened in the name of Springfield Aviation Company, LLC, and ONYEMA was the sole authorized signatory on both accounts.

17. In total, from 2010 through 2018, wire deposits amounting to over $44.9 million transferred from foreign accounts into ONYEMA's Bank of America, Wells Fargo, and J.P. Morgan Chase accounts.

### ONYEMA founded AIR PEACE

18. In 2013, ONYEMA founded Air Peace Limited ("Air Peace"), a private Nigerian airline based in Lagos, Nigeria, that provides passenger and charter services. ONYEMA is the Chairman and CEO of the entity.

19. EJIROGHENE EGHAGHA, a Nigerian citizen, is the Chief of Administration and Finance of Air Peace.

20. Between 2013 and 2014, ONYEMA used multiple foreign bank accounts, including several Nigerian accounts, to purchase airplanes for the Air Peace fleet. These planes included Boeing 737 aircraft bearing serial numbers 25234, 25235, and 27530, and Dornier 328 aircraft bearing serial numbers 3221 and 3171. Funds

to purchase these aircraft came from accounts for All-time Peace Media Communications, Foundation for Ethnic Harmony, Every Child Limited, and International Center for Non-Violence. The total amount of funds from these accounts used to purchase aircraft for Air Peace exceeded $3,000,000.

21. Between 2013 and 2016, accounts associated with Foundation for Ethnic Harmony, International Center for Non-Violence and Peace Development, All-Time Peace Media Communications Limited, and Every Child Limited in Nigeria transferred more than $3.8 million into bank accounts in the United States to a combination of escrow, logistical, and personal accounts. The funds were used to acquire, export, and service aircraft, as well as to purchase personal property.

**ONYEMA founded and used Springfield Aviation Company, LLC to facilitate large transfers of funds from his Nigerian bank accounts to the United States**

22. On or about April 4, 2016, a business attorney, at the direction of ONYEMA, established Springfield Aviation Company, LLC ("Springfield Aviation") as a Limited Liability Company registered in Atlanta, Georgia that purported to specialize in the wholesaling, trading, and sale of commercial aircraft and parts. ONYEMA is the owner of Springfield Aviation.

23. ONYEMA recruited E.M. to act as a manager of Springfield Aviation and to enter into contracts on its behalf.

24. E.M. has no connection to the aviation business outside of her role with Springfield Aviation and has no education, training, or licensing in the review and valuation of aircraft, including aircraft components.

6

25. On or about July 18, 2016, ONYEMA opened a business checking account ending in 8621 in the name of Springfield Aviation Company, LLC at a Wells Fargo branch in Atlanta, Georgia ("WF 8621"). ONYEMA was the sole authorized signer on WF 8621. In or about March 2017, ONYEMA opened a savings account ending in 0125 in the name of Springfield Aviation Company LLC at a Wells Fargo branch in Atlanta, Georgia ("WF 0125").

26. ONYEMA used WF 8621 to pay for personal expenses, among other things. For example, the account was used to make purchases at Atlanta locations of Publix, Macy's, DSW, the Ritz-Carlton, and various restaurants.

27. On August 22, 2018, ONYEMA established Bluestream Aero Services and Springfield Aviation Company in Ontario, Canada. ONYEMA also opened business bank accounts ending in 7523 held in the name of Springfield Aviation Company and 7515 held in the name of Bluestream Aero Services at Bank of Montreal (Canada).

28. In November 2018, ONYEMA transferred around $10 million from WF 8020 to the Bank of Montreal accounts.

### Scheme and Artifice to Defraud

29. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about May 2017, ONYEMA, on behalf of Air Peace, purchased several aircraft.

7

30. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about February 2018, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, applied for export letters of credit to cause the transfer of funds from a Nigerian bank account for Air Peace to Springfield Aviation bank accounts controlled by ONYEMA, purportedly to fund the purchase of aircraft by Air Peace from Springfield Aviation.

31. The aircraft that was referenced in each of the export letters of credit was never owned or sold by Springfield Aviation.

32. In support of the letters of credit and to cause the disbursement of funds from either Wells Fargo Bank or JPMorgan Chase Bank NA into Springfield Aviation's account, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, with intent to defraud, submitted false documents to Wells Fargo, including fabricated purchase agreements, bills of sale, and valuation documents.

33. EGHAGHA sent false documents to E.M. and directed E.M.to sign the documents on behalf of Springfield Aviation.  EGHAGHA instructed E.M. to present false documents to the respective banks in support of each letter of credit.

### Letter of Credit One – FB16ILL00063

34. In or around May 2016, ONYEMA, as the owner, Chairman, and CEO of Air Peace, negotiated and purchased the Boeing 737-500 aircraft bearing

manufacturer's serial number ("MSN") 28721 ("Boeing 28721") from Commercial Jet Solutions, LLC. That sale was consummated by an Aircraft Purchase Agreement dated May 16, 2016, and a Bill of Sale dated July 13, 2016 for a total $2,078,000.

35. The purchase was completed using three wire transfers from WF 8020 totaling $2,078,000: $500,000 on or about May 16, 2016; $73,000 on or about May 23, 2016; and $1,505,000 on or about July 14, 2016.

36. In or about November 2016, Wells Fargo Bank received an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd. The letter of credit requested that Wells Fargo accept as a transfer $1,682,184 for the benefit of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28721 from Springfield Aviation, an aircraft already owned by Air Peace that was never owned by Springfield Aviation. The letter of credit was identified as FB16ILL00063. The directions for the letter of credit state that "Documents must strictly conform with the terms and conditions of the attached letter of credit" and that "DOCUMENTS DATED PRIOR TO L/C OPENING DATE NOT ACCEPTABLE."

37. In support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA, EGHAGHA,

and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

    a. Sales and Purchase Agreement dated June 1, 2016, between Springfield Aviation and Air Peace for the Boeing 737, signed by ONYEMA as Chairman/CEO of Air Peace and signed by E.M. as Manager of Springfield Aviation, on or about September 22, 2016;

    b. Notarized Bill of Sale from Springfield Aviation to Air Peace, dated December 30, 2016;

    c. Commercial Invoice from Springfield Aviation to Air Peace, dated December 30, 2016;

    d. Valuation submitted on behalf of Springfield Aviation on December 30, 2016, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $3,000,000; and

    e. Delivery Certificate dated December 30, 2016, certifying that Springfield Aviation delivered Boeing 28721 to Air Peace in conformity with the terms of the letter of credit.

38. JMI LLC was not a valid business that conducted airplane valuations at any time relevant to this Superseding Indictment.

39. On or about January 9, 2017, the letter of credit was amended to increase the amount of the anticipated transfer to $2,000,000.

40. On or about February 10, 2017, Wells Fargo transferred $1,982,228.46 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Two - LCITF-17-00414

41. In or about February 2017, ONYEMA, as the owner, Chairman, and CEO of Air Peace, negotiated the purchase of Boeing 737-300 aircraft bearing MSN 27910 ("Boeing 27910") from Florida-based AerSale, Inc. That sale was consummated by an Aircraft Purchase Agreement dated April 25, 2017, and a Bill of Sale dated May 25, 2017 to Air Peace for the price of $3,751,460.

42. ONYEMA initiated three wire transfers from WF 8020 totaling $3,751,460 to complete the purchase: $1 million from WF 8020 on or about March 10, 2017; $2,750,000 from WF 8020 on or about April 21, 2017; and $1,460 from an Air Peace account at Fidelity Bank on or about May 25, 2017.

43. In or about March 2017, Wells Fargo Bank received an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd. The letter of credit requested that Wells Fargo accept as a transfer $4,750,000 into WF 8621 held in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 27910 from Springfield Aviation, an aircraft that was never owned by Springfield Aviation. The letter of credit was identified as LCITF-17-00414.

44. On or about March 31, 2017, in support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account,

11

ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

    a.  Bill of Sale from Springfield Aviation to Air Peace, dated March 20, 2017;

    b.  Commercial Invoice from Springfield Aviation to Air Peace, dated March 20, 2017;

    c.  Valuation submitted on behalf of Springfield Aviation dated March 20, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,500,000.

45. On or about April 25, 2017, Wells Fargo transferred $4,750,000 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Three - ILCCOCBG1702932

46. In or about May 2017, ONYEMA, as the owner, Chairman, and CEO of Air Peace, negotiated the purchase of two Boeing 737-300 aircraft bearing MSN 28561 and 28562 ("Boeing 28561" and "Boeing 28562") from Texas based Jetran, LLC. The sale was consummated by two Bills of Sale, dated May 18, 2017, to Air Peace for the price of $3,600,000 for both aircraft.

47. ONYEMA initiated a wire transfer of $3,600,000 from WF 8020 to complete the purchase of Boeing 28561 and Boeing 28562 on or about May 15, 2017.

48. In or about October 2017, Wells Fargo Bank received another export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd.  The letter of credit requested that Wells Fargo accept as a transfer $3,480,000 into WF 8621 held in the name of Springfield Aviation.  The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28561 from Springfield Aviation, an aircraft already owned by Air Peace.  The letter of credit was identified as ILCCOCBG1702932.  The directions for the letter of credit stated "Documents must strictly conform with the terms and conditions of the attached letter of credit" and "SHIPPING DOCUMENTS PREDATING L/C OPENING DATE ARE NOT ACCEPTABLE EXCEPT FOR THE MANUFACTURER'S CERTIFICATE OF PRODUCTION AND PURCHASE AGREEMENT."

49. The letter of credit was later amended to increase the amount of the anticipated transfer to $4,900,000.

50. Between in or about October and in or about November, 2017, in support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA and EGHAGHA, aided and abetted by each other and others known and unknown to the Grand Jury, presented false documents to Wells Fargo.  Those documents included, among others:

   a. Sales and Purchase Agreement dated June 27, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

   b. Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

   c. Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

   d. Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,400,000; and

   e. Delivery Certificate dated October 11, 2017, certifying that Springfield Aviation delivered Boeing 28561 to Air Peace in conformity with the terms of the letter of credit.

51. On or about October 31, 2017, EGHAGHA instructed E.M. to sign the false documents on behalf of Springfield Aviation and to have the Bill of Sale notarized. EGHAGHA further instructed E.M. to send the false documents to Wells Fargo Bank in support of the letter of credit identified as ILCCOCBG1702932.

52. On or about November 29, 2017, Wells Fargo transferred $4,899,690 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Four - LCITF-17-00555

53. In or about January 2017, ONYEMA, as the owner, Chairman, and CEO of Air Peace negotiated the purchase of a Boeing 737-300 aircraft bearing MSN 28660 ("Boeing 28660") from Oklahoma-based Aero Acquisitions, LLC. The sale was consummated by a Bill of Sale dated January 9, 2017 to Air Peace for the price of $2,315,000.

54. ONYEMA initiated two wire transfers from Wells 8020 totaling $2,318,000 to complete the purchase: $2,315,000 on or about January 4, 2017; and $3,000 on or about January 5, 2017.

55. In or about April 2017, Wells Fargo Bank received another export letter of credit request from United Bank for Africa PLC in Nigeria on behalf of applicant Air Peace Ltd. The letter of credit requested that Wells Fargo accept as a transfer $4,500,000 in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28660 from Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as LCITF-17-00555. The directions for the letter of credit stated "Documents must strictly conform with the terms and conditions of the attached letter of credit" and "SHIPPING DOCUMENTS DATED PRIOR TO LC ISSUANCE DATE OF 170421 ARE NOT ACCEPTABLE."

56. On or about May 25, 2017, EGHAGHA instructed E.M. to submit a letter to Wells Fargo Bank requesting payment to WF 8621 on behalf of Springfield Aviation to fulfill the letter of credit identified as LCITF-17-00555.

57. On or about June 19, 2017, Wells Fargo transferred $4,499,900 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Five - FB17ILC00561C

58. As discussed above, Air Peace, through ONYEMA, acquired a Boeing 737-300 aircraft bearing MSN 28562 in or about May 2017, from Jetran, LLC.

59. In or about December 2017, JPMorgan Chase Bank, NA, received an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd. The letter of credit requested that Wells Fargo accept as a transfer $4,100,000 into JPMC 5512 held in the name of Springfield Aviation. The purpose of the letter was purportedly to fund Air Peace's purchase of Boeing 28562 from Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as FB17ILC00561C. The directions for the letter of credit stated "DOCUMENTS DATED PRIOR TO THE L/C OPENING DATE NOT ACCEPTABLE, EXCEPT THE PURCHASE AGREEMENT."

60. On or about February 20, 2018, JPMorgan Chase transferred $4,087,028.54 into Springfield Aviation's JPMorgan Chase account, JPMC 5512.

All in violation of Title 18, United States Code, Section 1349.

**Count Two**
**Bank Fraud**
**18 U.S.C. § 1344**

61. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 of this Superseding Indictment as if the same were fully set forth herein.

62. Beginning on a date unknown, but at least as of in or about June 2016 and continuing through at least in or about February 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforementioned scheme and artifice (i) to defraud a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation and (ii) to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, promises, and omissions, presented the following false documents in support of an export letter of credit for Boeing 28721:

        a. Sales and Purchase Agreement dated June 1, 2016, between Springfield Aviation and Air Peace for the Boeing 737, signed by ONYEMA as Chairman/CEO of Air Peace and signed by E.M. as Manager of Springfield Aviation, on or about September 22, 2016;

17

b. Notarized Bill of Sale from Springfield Aviation to Air Peace, dated December 30, 2016;

c. Commercial Invoice from Springfield Aviation to Air Peace, dated December 30, 2016;

d. Valuation submitted on behalf of Springfield Aviation on December 30, 2016, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $3,000,000; and

e. Delivery Certificate dated December 30, 2016, certifying that Springfield Aviation delivered Boeing 28721 to Air Peace in conformity with the terms of the letter of credit;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Three
### Bank Fraud
### 18 U.S.C. § 1344

63. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 of this Superseding Indictment as if the same were fully set forth herein.

64. Beginning on a date unknown, but at least as of in or about February 2017 and continuing through at least in or about April 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others

known and unknown to the Grand Jury, with intent to defraud, for the purpose
of executing the aforementioned scheme and artifice (i) to defraud a financial
institution the accounts of which were insured by the Federal Deposit Insurance
Corporation and (ii) to obtain moneys, funds, and assets owned by and under
the custody and control of a financial institution the accounts of which were
insured by the Federal Deposit Insurance Corporation by means of materially
false and fraudulent pretenses, representations, promises, and omissions,
presented the following false documents in support of an export letter of credit
for Boeing 27910:

    a.  Bill of Sale from Springfield Aviation to Air Peace, dated March 20,
        2017;

    b.  Commercial Invoice from Springfield Aviation to Air Peace, dated
        March 20, 2017; and

    c.  Valuation submitted on behalf of Springfield Aviation dated March
        20, 2017, which purported to be a "full aircraft appraisal" by "JMI
        LLC" that estimated the current market value of the Boeing Aircraft
        as $5,500,000;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Count Four
## Bank Fraud
## 18 U.S.C. § 1344

65. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 60 of this Superseding Indictment as if the same were fully set forth herein.

66. Beginning on a date unknown, but at least as of in or about May 2017 and continuing through at least in or about November 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforementioned scheme and artifice (i) to defraud a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation and (ii) to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation by means of materially false and fraudulent pretenses, representations, promises, and omissions, presented the following false documents in support of an export letter of credit for Boeing 28561:

    a. Sales and Purchase Agreement dated June 30, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

    b. Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

    c.  Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

    d.  Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,400,000; and

    e.  Delivery Certificate dated October 11, 2017, certifying that Springfield Aviation delivered Boeing 28561 to Air Peace in conformity with the terms of the letter of credit;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Count Five
### Conspiracy to Commit Credit Application Fraud
### 18 U.S.C. § 371

67. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 of this Superseding Indictment as if the same were fully set forth herein.

68. Beginning on a date unknown, but at least as of in or about November 2016 and continuing through at least in or about October 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the

United States in violation of Title 18, United States Code, Section 1014, to wit, to knowingly make false statements and reports, and willfully overvalue property for the purpose of influencing the actions of institutions the accounts of which were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1014.

**Manner and Means**

69. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about May 2017, ONYEMA, on behalf of Air Peace, purchased several aircraft.

70. Beginning on a date unknown, but at least as of in or about November 2016 and continuing through at least in or about October 2017, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, applied for export letters of credit to cause the transfer of funds from a Nigerian bank account for Air Peace to the Springfield Aviation WF 8621 bank account, purportedly to fund the purchase of aircraft by Air Peace from Springfield Aviation.

71. The aircraft that was referenced in each of the export letters of credit was never owned or sold by Springfield Aviation.

72. In support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, submitted false documents

to Wells Fargo, including fabricated purchase agreements, bills of sale, and valuation documents.

73. EGHAGHA sent the false documents to E.M. and directed E.M. to sign the documents on behalf of Springfield Aviation. EGHAGHA instructed E.M. to present the documents to Wells Fargo Bank in support of each letter of credit.

### Overt Acts

74. In furtherance of and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Georgia and elsewhere:

   a. In or about November 2016, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury caused Wells Fargo Bank to receive an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd. purportedly to fund Air Peace's purchase of Boeing 28721 from Springfield Aviation. The letter of credit requested that Wells Fargo accept as a transfer $1,682,184 into WF 8621 held in the name of Springfield Aviation.

   b. In or about December 2016, in support of the letter of credit for Boeing 28721 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, presented false

documents to Wells Fargo.  Those documents included, among
others:

   i. Sales and Purchase Agreement dated June 1, 2016, between
      Springfield Aviation and Air Peace for the Boeing 737, signed
      by ONYEMA as Chairman/CEO of Air Peace and signed by
      E.M. as Manager of Springfield Aviation, on or about
      September 22, 2016;

   ii. Notarized Bill of Sale from Springfield Aviation to Air Peace,
       dated December 30, 2016;

   iii. Commercial Invoice from Springfield Aviation to Air Peace,
        dated December 30, 2016;

   iv. Valuation submitted on behalf of Springfield Aviation on
       December 30, 2016, which purported to be a "full aircraft
       appraisal" by "JMI LLC" that estimated the current market
       value of the Boeing Aircraft as $3,000,000; and

   v. Delivery Certificate dated December 30, 2016, certifying that
      Springfield Aviation delivered Boeing 28721 to Air Peace in
      conformity with the terms of the letter of credit.

c. In or about March 2017, ONYEMA, EGHAGHA, and others known
   and unknown to the Grand Jury caused Wells Fargo Bank to receive
   an export letter of credit request from Fidelity Bank in Nigeria on

behalf of applicant Air Peace Ltd.  The letter of credit requested that Wells Fargo accept as a transfer $4,750,000 into WF 8621 held in the name of Springfield Aviation.  The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 27910 from Springfield Aviation.  The letter of credit was identified as LCITF-17-00414.

d. On or about March 31, 2017, in support of the letter of credit for Boeing 27910 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo.  Those documents included, among others:

  i. Bill of Sale from Springfield Aviation to Air Peace, dated March 20, 2017;

  ii. Commercial Invoice from Springfield Aviation to Air Peace, dated March 20, 2017;

  iii. Valuation submitted on behalf of Springfield Aviation, dated March 20, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,500,000.

e. In or about October 2017, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury caused Wells Fargo Bank to receive another export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace Ltd.  The letter of credit requested that Wells Fargo accept as a transfer $3,480,000 into WF 8621 held in the name of Springfield Aviation.  The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28561 from Springfield Aviation, an aircraft already owned by Air Peace.  The letter of credit was identified as ILCCOCBG1702932.

f. In or about October, 2017, in support of the letter of credit for Boeing 28561 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, ONYEMA, EGHAGHA, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo.  Those documents included, among others:

　　i. Sales and Purchase Agreement dated June 30, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

　　ii. Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

　　iii. Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

iv. Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,400,000.

v. Delivery Certificate dated October 11, 2017, certifying that Springfield Aviation delivered Boeing 28561 to Air Peace in conformity with the terms of the letter of credit.

g. On or about October 31, 2017, EGHAGHA instructed E.M. to sign the false documents on behalf of Springfield Aviation and to have the Bill of Sale notarized. EGHAGHA further instructed E.M. to send the false documents to Wells Fargo Bank in support of the letter of credit identified as ILCCOCBG1702932.

All in violation of Title 18, United States Code, Section 371.

## Count Six
## Credit Application Fraud
## 18 U.S.C. § 1014

75. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 and 69 through 73 of this Superseding Indictment as if the same were fully set forth herein.

76. Beginning in or about November 2016 and continuing through at least in or about February 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others known and unknown to

the Grand Jury, knowingly made false statements and reports, and willfully

overvalued property for the purpose of influencing the actions of Wells Fargo

Bank, a financial institution the accounts of which were insured by the Federal

Deposit Insurance Corporation, in an application, advance, commitment, and

loan, and any change or extension thereof, to wit, submitting a false Sales and

Purchase Agreement, a false Bill of Sale, a false Commercial Invoice, a false

valuation, and a false Delivery Certificate, all in support of a letter of credit for

Boeing 28721, in violation of Title 18, United States Code, Section 1014 and

Section 2.

## Count Seven
## Credit Application Fraud
### 18 U.S.C. § 1014

77. The Grand Jury hereby realleges and incorporates by reference the factual

allegations of paragraphs 2 through 60 and 69 through 73 of this Superseding

Indictment as if the same were fully set forth herein.

78. In or about March 2017, in the Northern District of Georgia and elsewhere,

defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE

EGHAGHA, aided and abetted by each other and others known and unknown to

the Grand Jury, knowingly made false statements and reports, and willfully

overvalued property for the purpose of influencing the actions of Wells Fargo

Bank, a financial institution the accounts of which were insured by the Federal

Deposit Insurance Corporation, in an application, advance, commitment, and

loan, and any change or extension thereof, to wit, submitting a false Bill of Sale, a false Commercial Invoice, and a false valuation, all in support of a letter of credit for Boeing 27910, in violation of Title 18, United States Code, Section 1014 and Section 2.

**Count Eight**
**Credit Application Fraud**
**18 U.S.C. § 1014**

79. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 and 69 through 73 of this Superseding Indictment as if the same were fully set forth herein.

80. In or about October 2017 through in or about November 2017, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly made false statements and reports, and willfully overvalued property for the purpose of influencing the actions of Wells Fargo Bank, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in an application, advance, commitment, and loan, and any change or extension thereof, to wit, submitting a false Sales and Purchase Agreement, a false Bill of Sale, a false Commercial Invoice, a false valuation, and a false Delivery Certificate, all in support of a letter of credit for Boeing 28561, in violation of Title 18, United States Code, Section 1014 and Section 2.

**Counts Nine through Thirty-Five**
**Money Laundering**
**18 U.S.C. § 1957**

81. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 60 and 69 through 73 of this Superseding Indictment as if the same were fully set forth herein.

82. On or about the dates listed below, within the Northern District of Georgia and elsewhere, defendant ALLEN IFECHUKWU ATHAN ONYEMA, aided and abetted by others known and unknown to the Grand Jury, knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, as described below, each transaction knowingly involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, and credit application fraud, in violation of Title 18, United States Code, Section 1014, each transaction constituting a separate count as set forth below:

| Count | Date (on or about) | Monetary Transaction | Originating Account | Recipient Account |
|-------|--------------------|--------------------|--------------------|--------------------|
| 9 | 03/22/2017 | Branch Transfer in the amount of $1,000,000.00 | WF 8621 | WF 0125 |
| 10 | 03/23/2017 | Branch Transfer in the amount of $1,000,000.00 | WF 8621 | WF 0125 |
| 11 | 05/07/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |

| Count | Date (on or about) | Monetary Transaction | Originating Account | Recipient Account |
|---|---|---|---|---|
| 12 | 05/07/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 13 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 0125 |
| 14 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 0125 |
| 15 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 0125 |
| 16 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 0125 |
| 17 | 05/15/2017 | Online Transfer in the amount of $100,000.00 | WF 8621 | WF 0125 |
| 18 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 19 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 20 | 05/15/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 21 | 05/15/2017 | Online Transfer in the amount of $150,000.00 | WF 8621 | WF 8020 |
| 22 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 23 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 24 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 25 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 26 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 27 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 28 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 29 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |
| 30 | 06/19/2017 | Online Transfer in the amount of $500,000.00 | WF 8621 | WF 8020 |

| Count | Date (on or about) | Monetary Transaction | Originating Account | Recipient Account |
|-------|--------------------|----------------------|---------------------|-------------------|
| 31 | 11/29/2017 | Online Transfer in the amount of $1,000,000.00 | WF 8621 | WF 8020 |
| 32 | 11/29/2017 | Online Transfer in the amount of $1,000,000.00 | WF 8621 | WF 8020 |
| 33 | 11/29/2017 | Online Transfer in the amount of $1,000,000.00 | WF 8621 | WF 8020 |
| 34 | 11/29/2017 | Online Transfer in the amount of $1,000,000.00 | WF 8621 | WF 8020 |
| 35 | 11/29/2017 | Online Transfer in the amount of $890,000.00 | WF 8621 | WF 8020 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

**Count Thirty-Six**
**Aggravated Identity Theft**
**18 U.S.C. §1028A(a)(1)**

83. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 60 and 69 through 73 of this Superseding Indictment as if the same were fully set forth herein.

84. On or about May 24, 2017, in the Northern District of Georgia and elsewhere, the defendant, EJIROGHENE EGHAGHA, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the legal name and electronic signature of E.M., during and in relation to committing the felony violation of bank fraud in violation of Title 18, Unites States Code, Section 1344, as charged in Counts Two, Three, and Four, all in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count Thirty-Seven
### Conspiracy to Obstruct Justice
### 18 U.S.C. § 371

85. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 60 and 69 through 73 of this Superseding Indictment as if the same were fully set forth herein.

86. From in or about May 2019 through at least on or about October 21, 2019, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1512(c)(2), to wit, to corruptly obstruct, influence, and impede an official proceeding.

### Manner and Means

87. Beginning on a date unknown, but as early as on or about April 23, 2019, ONYEMA and EGHAGHA learned that funds from two bank accounts owned by Springfield Aviation had been seized for official forfeiture proceedings pursuant to federal seizure warrants issued by a United States Magistrate Judge for the Northern District of Georgia. Those warrants referenced violations of United States bank fraud, wire fraud, credit application fraud, money laundering, and conspiracy statutes.

88. On or about September 9, 2019, ONYEMA learned that he was the defendant in a criminal complaint that had been issued by a United States Magistrate Judge for the Northern District of Georgia. That complaint made him subject to arrest. In addition, there was an ongoing federal Grand Jury proceeding in the Northern District of Georgia.

89. ONYEMA and EGHAGHA, knowing about the official proceedings, falsified documents to obstruct, influence, and impede those proceedings. Specifically, they fraudulently created a contract named "Aircraft Sales Support & Management Agreement Between Springfield Aviation Company LLC and Air Peace Limited" (the "Management Agreement") to attempt to justify their actions, and falsely dated that Management Agreement to make it appear that it had been signed prior to Letter of Credit One.

90. On or about October 21, 2019, ONYEMA and EGHAGHA caused the falsely-dated Management Agreement to be presented by ONYEMA's attorneys to the United States Attorney's Office for the Northern District of Georgia, along with additional fraudulent documents, in an effort to explain why ONYEMA and EGHAGHA's actions were not criminal and to convince the United States Attorney's Office for the Northern District of Georgia to not pursue or continue the forfeiture proceedings, the criminal complaint, or the Grand Jury investigation.

91. In the course of doing so, ONYEMA and EGHAGHA committed and attempted to commit an act that impaired the integrity of records, documents, objects, and other things for use in an official proceeding, and intended to impair the integrity of such records, documents, objects, and other things for use in the official proceeding.

## Overt Acts

92. In furtherance of and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Georgia and elsewhere:

  a. On or about May 16, 2019, EGHAGHA emailed E.M., cc'ing ONYEMA, attaching an undated copy of the Management Agreement and telling E.M., "Kindly help print and sign the attached document. Please initial the pages. Do not date please.

Once you have signed kindly scan back to me. Let me know via

WhatsApp if you have any questions," as shown below:

---

## Fwd: AIRCRAFT SALES SUPPORT AND MANAGEMENT AGREEMENT

| | |
|---|---|
| **From:** | Ejiroghene Eghagha <███████@flyairpeace.com> |
| **To:** | Ebony Mayfield <███████@gmail.com> |
| **Cc:** | Ejiroghene Eghagha <███████@flyairpeace.com>, Allen Onyema <███████@flyairpeace.com> |
| **Date:** | Thu, 16 May 2019 16:43:07 -0400 |
| **Attachments:** | SPRINGFIELD- AIRCRAFT SALES SUPPORT AGREEMENT.docx (27.93 kB) |

Hello Ebony,

Hope you are good.

Kindly help print and sign the attached document. Please initial the pages. Do not date please. Once you have signed kindly scan back to me.

Let me know via WhatsApp if you have any questions.

Thank you.

Ejiro Eghagha
Chief of Administration and Finance
Air Peace Limited
25 Sobo Arobiodu, Street
GRA Ikeja.
Email: ███████@flyairpeace.com
Web site: www.flyairpeace.com

---

b. On or about May 17, 2019, EGHAGHA emailed E.M. another
undated copy of the Management Agreement that included
EGHAGHA's initials and signature on behalf of Air Peace. That
same day, E.M. returned to EGHAGHA by email the signature page
of the Management Agreement with E.M.'s signature on behalf of
Springfield Aviation.

c. On or about October 21, 2019, ONYEMA caused attorney J.H. to
send to the United States Attorney's Office for the Northern District
of Georgia a letter "with the hopes of resolving the government's

concerns and bringing the matter to a close." The letter explained, in

part:

Air Peace decided to create a U.S. based entity to sell and lease aircraft
to African airlines. Air Peace engaged legal counsel to create the U.S.
entity Springfield and draft an agreement by which the Springfield
would act on behalf of Air Peace in sale and lease transactions. On May
5, 2016, Air Peace and Springfield entered into an agreement entitled
"Aircraft Sales Support & Management Agreement." *See* SPR_000 17-21
at Tab 5. . . . Based on this agreement, Air Peace executives were under
the impression that Springfield's U.S. bank account could serve as
capital account for funds used for the purchase of aircraft and
equipment for the ultimate use of Air Peace and other African airlines.

The letter attached a copy of the Management Agreement at Tab 5

that EGHAGHA and E.M. had signed on or about May 17, 2019, but

that document was falsely dated May 5, 2016, instead of May 17,

2019, as shown in the excerpt below:

**THIS AGREEMENT** is made this _____5th_____ day of ___May_____, 20 16 BETWEEN **SPRINGFIELD AVIATION COMPANY LLC.,** a company registered in the United States and having offices at 3525, Piedmont Road, 7 Piedmont Centre Atlanta, Georgia 30305 (hereinafter called the Supplier, which expression shall, where the context so admits, include its successors and assigns), of the first part, AND **AIR PEACE LIMITED,** an airline registered under the Nigerian laws and having its head office at 25, Sobo Arobiodu Street, GRA Ikeja, Lagos, Nigeria (hereinafter called the Customer and which expression shall, where the context so admits, include its successors and assigns), of the second part.

All in violation of Title 18, United States Code, Section 371.

### Count Thirty-Eight
### Obstruction of Justice
### 18 U.S.C. § 1512(c)(2)

93. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 60, 69 through 73, and 87 through 92 of this Superseding Indictment as if the same were fully set forth herein.

94. From in or about May 2019 through at least on or about October 21, 2019, in the Northern District of Georgia and elsewhere, defendants ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, aided and abetted by each other and others known and unknown to the Grand Jury, did corruptly obstruct, influence, and impede, and did attempt to corruptly obstruct, influence, and impede official proceedings, to wit, a forfeiture proceeding, a criminal complaint, and a Grand Jury proceeding.

All in violation of Title 18, United States Code, Section 1512(c)(2) and Section 2.

### Forfeiture Provision

95. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Superseding Indictment, the defendants, ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from proceeds traceable to such offenses, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in this Superseding Indictment.

b. BANK FUNDS:

    i. $4,017,852.51 in funds seized from JP Morgan Chase Bank account number XXXXXXXXXXX5512 held in the name of Springfield Aviation Company, LLC.

    ii. $4,593,842.05 in funds held in Bank of Montreal Canada account number XXXXXXX7523 held in the name of Springfield Aviation Inc.

    iii. $5,634,842.04 in funds held in Bank of Montreal Canada account number XXXXXXX7515 held in the name of Bluestream Aero Services, Inc.

96. Upon conviction of one or more of the offenses alleged in Counts Six through Eight of this Superseding Indictment, the defendants, ALLEN IFECHUKWU ATHAN ONYEMA and EJIROGHENE EGHAGHA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, that constitutes or is derived from proceeds traceable to such offenses, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in this Superseding Indictment.

b. BANK FUNDS:

   i. $4,017,852.51 in funds seized from JP Morgan Chase Bank account number XXXXXXXXXXX5512 held in the name of Springfield Aviation Company, LLC.

   ii. $4,593,842.05 in funds held in Bank of Montreal Canada account number XXXXXXX7523 held in the name of Springfield Aviation Inc.

   iii. $5,634,842.04 in funds held in Bank of Montreal Canada account number XXXXXXX7515 held in the name of Bluestream Aero Services, Inc.

97. Upon conviction of one or more of the offenses alleged in Counts Nine through Thirty-five of this Superseding Indictment, the defendant, ALLEN IFECHUKWU ATHAN ONYEMA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violations and any property traceable to such property, including, but not limited to the following:

a.  MONEY JUDGMENT: A sum of money in United States currency, representing the total amount of money involved in the offenses alleged in this Superseding Indictment.

b.  BANK FUNDS:

    i.  $4,017,852.51 in funds seized from JP Morgan Chase Bank account number XXXXXXXXXXX5512 held in the name of Springfield Aviation Company, LLC.

    ii.  $4,593,842.05 in funds held in Bank of Montreal Canada account number XXXXXXX7523 held in the name of Springfield Aviation Inc.

    iii.  $5,634,842.04 in funds held in Bank of Montreal Canada account number XXXXXXX7515 held in the name of Bluestream Aero Services, Inc.

98. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A _____ *TRUE BILL* _____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

GARRETT L. BRADFORD
*Assistant United States Attorney*
Georgia Bar No. 074374

CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181